Oren B. Haker, OSB No. 130162
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

*Proposed Attorneys for Debtors
and Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>ISABEL, LLC,<br><br>Debtor. | Case No. 22-30787-pcm11<br><br>Chapter 11 |
| In re<br><br>ISABEL ENTERPRISES, INC.<br><br>Debtor. | Case No. 22-30801-pcm11<br><br>Chapter 11<br><br>**MOTION BY DEBTORS FOR ORDER REQUESTING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)** |

As debtors and debtors-in-possession under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"), Isabel, LLC ("Isabel LLC") and Isabel Enterprises, Inc. ("Isabel Enterprises," and together with Isabel LLC, the "Debtors"), by and through their undersigned counsel, hereby move ("Motion") pursuant to Federal Rule of Bankruptcy Procedure 1015(b) and Local Bankruptcy Rule 1015-1, for entry of an order, substantially in the form attached hereto as Exhibit A, requesting the joint administration of the above-captioned Debtors' cases (the "Chapter 11 Cases"). In support of the Motion, the Debtors rely on the declarations of

Page 1  -  MOTION BY DEBTORS FOR ORDER REQUESTING JOINT
ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015(b)

William Tosheff ("Tosheff Declaration") and undersigned counsel ("Haker Declaration") filed contemporaneously herewith, and further state as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief requested herein is pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 1015(b) and Local Bankruptcy Rule ("LBR") 1015-1.

## II. BACKGROUND

3. Isabel LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 17, 2022 and has been assigned case no. 22-30787-pcm11 ("LLC Case"). Because Isabel LLC is a company whose business is comprised principally of owning and managing two tax lots consisting of a commercial unit located at 330 NW 10th Avenue, #116, Portland, Oregon 97209 ("Real Property") and a related parking unit that, collectively, is subject to a Declaration of Condominium Ownership for the Elizabeth Lofts Condominiums and related Bylaws of the Elizabeth Lofts Condominium Owners' Association, Isabel LLC's principal business is operating a "single asset real estate." 11 U.S.C. § 101(51B). Isabel LLC did not make the subchapter V election on its petition. LLC Case Docket #1; Haker Decl. ¶ 4.

4. Historically, Isabel LLC leased the Real Property to Isabel Enterprises, which operated a restaurant on the premises commonly known as the Isabel Pearl prior to its shutdown in or about mid-2019.

5. Isabel Enterprises filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 18, 2022 and has been assigned case no. 22-30801-pcm11

Page 2 - MOTION BY DEBTORS FOR ORDER REQUESTING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

115537029.2 0077334-00001

Case 22-30801-pcm11    Doc 10    Filed 05/19/22

("Enterprises Case"). Isabel Enterprises is a "small business debtor" and has elected to be administered pursuant to subchapter V of chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101(51D); Enterprises Case Dkt. #1.

### III. RELIEF REQUESTED

6. The Debtors move for entry of an order requesting the joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and LBR 1015-1. The Debtors request that the Chapter 11 Cases be jointly administered as follows:

    a. One docket shall be maintained for the Chapter 11 Cases in *In re Isabel Enterprises, Inc.*, Case No. 22-30801-pcm11 ("Lead Case"). All pleadings, orders, and other papers filed shall reflect that the Chapter 11 Cases are being jointly administered under the Lead Case, with the following consolidated caption:

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re<br><br>ISABEL ENTERPRISES, INC. and ISABEL, LLC,<br><br>              Debtors. | Case No. 22-30801-pcm11<br>**LEAD CASE**<br><br>(Jointly Administered with Case No. 22-30787-pcm11)<br><br>Chapter 11 |
|---|---|

    b. The docket of each of the Chapter 11 Cases shall reflect as follows:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure granting joint administration of the chapter 11 cases of Isabel Enterprises, Inc. and Isabel, LLC [ECF No. _____]. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Isabel Enterprises, Inc., Case No. 22-30801-pcm11.

Page 3 -   MOTION BY DEBTORS FOR ORDER REQUESTING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

c. Counsel for the Debtors shall prepare and maintain one consolidated mailing matrix that reflects all parties-in-interest for the LLC Case and for the Enterprises Case. The Debtors shall file a combined, non-duplicative matrix for the Chapter 11 Cases ("<u>Consolidated Creditor Matrix</u>").

d. All notices in any one or more of the Chapter 11 Cases that would be sent to all creditors in either the LLC Case or the Enterprises Case absent joint administration must be sent to the Consolidated Creditor Matrix for the jointly-administered Chapter 11 Cases.

e. Notwithstanding the joint administration of the Chapter 11 Cases, each Debtor shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs, and Lists of Equity Security Holders in its own case.

f. Each Debtor shall file separate Monthly Operating Reports pursuant to Bankruptcy Rule 2015 in the form(s) requested by the Unites States Trustee, unless otherwise instructed by the United States Trustee, in its own case.

g. Proofs of claims or interests filed by creditors of either Debtor shall reflect the style and case number of the Debtor to which the claim or interest relates and shall be filed in the case docket to which such claim or interest relates. Separate claims registers shall be maintained for each Debtor. So, for instance, if a creditor has a claim against Isabel LLC, that creditor shall file a proof of claim in the LLC Case, notwithstanding the fact that all pleadings, notices and orders are being entered in the Lead Case.

### IV. BASIS FOR RELIEF REQUESTED

7. The Debtors recognize that the relief requested in the Motion is routine and is often granted by the Court *ex parte*. LBR 1015-1(a)(1). And yet, the Debtors have not sought

Page 4 - MOTION BY DEBTORS FOR ORDER REQUESTING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

115537029.2 0077334-00001

Case 22-30801-pcm11    Doc 10    Filed 05/19/22

entry of the proposed form of order *ex parte*, but rather have moved for a hearing on shortened time.

8. In this instance, the Debtors request a hearing in connection with the Motion, on shortened time, for two reasons: *first*, the Debtors will be filing a motion under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(c) seeking entry of a case management order establishing deadlines and procedures that the Debtors submit is absolutely critical to the successful administration of these Chapter 11 Cases, which motion will be predicated on this Motion being granted by the Court on shortened notice; and *second*, the Debtors have found no precedent for the joint administration of two chapter 11 cases – one of which is a single asset real estate case and the other which is a small business debtor electing to be administered pursuant to subchapter V under chapter 11 of the Bankruptcy Code, and thus the Debtors submit that notice and a hearing is appropriate.

9. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

10. The Debtors submit that joint administration of the Chapter 11 Cases is warranted for four reasons. First, the Debtors share common ownership, control and management. Second, significant debt obligations are owed jointly and severally by the Debtors. Third, the ability of each Debtor to successfully reorganize under chapter 11 is dependent on the reorganization of the other Debtor. *See* Tosheff Decl. ¶¶ 5–7. And fourth, joint administration will limit administrative expenses without any adverse effect to parties-in-interest.

11. **Debtors Are Affiliated Entities.** The Debtors share common ownership, control and management. In fact, because Isabel LLC is a single member-managed LLC and

Page 5 - MOTION BY DEBTORS FOR ORDER REQUESTING JOINT
	ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY
	PROCEDURE 1015(b)

115537029.2 0077334-00001

Case 22-30801-pcm11    Doc 10    Filed 05/19/22

Isabel Enterprises is wholly owned by Isabel LLC's member-manager, the Debtors literally share a single heartbeat in Mr. Tosheff. Joint administration is warranted in this situation. 11 U.S.C. § 101(2)(B). *See* Tosheff Decl. ¶¶ 1, 2.

12. ***Elizabeth Lofts Condominiums Owners' Association v. Isabel, LLC, U.S. Small Business Administration, Beneficial State Bank, Multnomah County, Oregon Department of Revenue, Oregon Department of Employment, City of Portland*, Case No. 19cv18681, Multnomah County Circuit Court** ("Foreclosure Action"). The Debtors are named judgment debtors on the General Judgment of Foreclosure and Money Award and Supplemental Judgement and Money Award entered in the Foreclosure Action that triggered the chapter 11 filing of Isabel LLC to stay the sheriff's sale of the Real Property on May 17, 2022. *See* Haker Decl. ¶¶ 2, 3.

13. **Real Property Is Critical to Recapitalization Efforts.** Third, the Real Property owned by Isabel LLC is critical to the reorganization of the Debtors, and while joint administration is not consolidation of two estates, the Debtors do intend to file a joint chapter 11 plan of reorganization, and jointly administering the Chapter 11 Cases for procedural purposes on a condensed timeframe with coordinated deadlines will greatly assist the Debtors, parties-in-interest and the Court in the administration of these Chapter 11 Cases.

14. **Efficiency; Administrative Expenses.** Finally, joint administration of the Chapter 11 Cases will obviate the need for duplicative notices, applications, and orders, and will thereby save considerable time and expenses for Debtors and result in substantial savings to the respective estates.

15. Joint administration will also permit the Clerk of the Court to use a single general docket for the Chapter 11 Cases and to combine notices to creditors and other parties-in-interest.

Page 6 - MOTION BY DEBTORS FOR ORDER REQUESTING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

115537029.2 0077334-00001

Case 22-30801-pcm11    Doc 10    Filed 05/19/22

Joint administration will ensure, in each of Debtors' respective Chapter 11 Cases, that each party-in-interest will be apprised of any matter before the Court in each of Chapter 11 Cases.

16. And joint administration will not adversely affect the rights of creditors of each Debtor, notwithstanding the fact that Isabel LLC is a single asset real estate Debtor that is expressly carved out from subchapter V of chapter 11 of the Bankruptcy Code. For instance, even though the Debtors intend on filing a joint plan of reorganization, the Debtors submit that confirmation of any such plan will be subject to the requirements of section 1129 with respect to the creditors of Isabel LLC, absent a separate request by the Debtors to substantive consolidate the Debtors' estates, which this Motion is not seeking. Moreover, the Debtors submit that notwithstanding the joint administration of these Chapter 11 Cases, Isabel LLC will be subject to the disclosure requirements of section 1125 of the Bankruptcy Code, and creditors holding secured claims against Isabel LLC shall retain all of their substantive rights under section 362(d)(3), because subchapter V wholly carves out single asset real estate debtors from its application.

17. On the contrary, the speed and efficiency of jointly administering the LLC Case under the Lead Case will – in the Debtors' business judgment – increase the likelihood of an optimal outcome for all stakeholders on a condensed timeframe. Because any reorganization of either Debtor depends wholly on the reorganization of the other Debtor, it is critical that the Chapter 11 Cases move forward together.

18. For the reasons stated above, the Debtors submit that the interests of its creditors, their estates, and other parties-in-interest will be best served by joint administration of the Chapter 11 Cases under the Lead Case.

Page 7 - MOTION BY DEBTORS FOR ORDER REQUESTING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

115537029.2 0077334-00001

Case 22-30801-pcm11    Doc 10    Filed 05/19/22

WHEREFORE, the Debtors respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the joint administration of the above-captioned Chapter 11 Cases substantially in the form proposed, and granting such other and further relief as may be just and proper.

DATED: May 19, 2022.      STOEL RIVES LLP

*/s/ Oren B. Haker*
Oren B. Haker, OSB No. 130162
oren.haker@stoel.com
Telephone: 503.224.3380
Facsimile: 503.220.2480
oren.haker@stoel.com

*Proposed Attorneys for Debtors
and Debtors-in-Possession*

Page 8 - MOTION BY DEBTORS FOR ORDER REQUESTING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

115537029.2 0077334-00001

Case 22-30801-pcm11    Doc 10    Filed 05/19/22

# EXHIBIT A
## (Proposed Order)

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>ISABEL, LLC,<br><br>      Debtor. | Case No. 22-30787-pcm11<br><br>Chapter 11 |
| In re<br><br>ISABEL ENTERPRISES INC.,<br><br>      Debtor. | Case No. 22-30801-pcm11<br><br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING JOINT ADMINISTRATION PURSUANT TO BANKRUPTCY RULE 1015(b)** |

      THIS MATTER having come before the Court on the *Motion by Debtors for Order Requesting Joint Administration Pursuant to Federal Rule of Bankruptcy Procedure 1015(b)* (the "Motion") [ECF No. ____]. The Court having reviewed the Motion and the declarations filed in support thereof; any objections filed by interested parties; having considered the statements of counsel and the evidence adduced with respect to the Motion at the hearing before the Court on May __, 2022; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; and such

Page 1  -  [PROPOSED] ORDER GRANTING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

relief is necessary to avoid immediate and irreparable harm, or otherwise that good cause having been shown and finding good cause exists to grant the relief requested in the Motion; now, therefore,

IT IS HEREBY ORDERED:

1. The Motion is GRANTED.

2. The Chapter 11 Cases of Isabel LLC and Isabel Enterprises are hereby jointly administered by the Court.

3. One docket shall be maintained for the Debtors' Chapter 11 Cases in *In re Isabel Enterprises, Inc.*, Case No. 22-30801-pcm11 ("Lead Case"). All pleadings, orders, and other papers filed shall reflect that the Chapter 11 Cases are being jointly administered under the Lead Case, with the following consolidated caption:

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re<br><br>ISABEL ENTERPRISES, INC. and ISABEL, LLC,<br><br>          Debtors. | Case No. 22-30801-pcm11<br>**LEAD CASE**<br><br>(Jointly Administered with Case No. 22-30787-pcm11)<br><br>Chapter 11 |
|---|---|

4. The docket of each of the Chapter 11 Cases shall reflect as follows:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure granting joint administration of the chapter 11 cases of Isabel Enterprises, Inc. and Isabel, LLC [ECF No. _____]. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Isabel Enterprises, Inc., Case No. 22-30801-pcm11.

Page 1 - [PROPOSED] ORDER GRANTING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

5. The United States Trustee shall conduct joint informal meetings with the Debtors, if required, and a joint first meeting of creditors.

6. The mailing lists for the above-captioned cases shall be combined. The Debtors shall file a combined, non-duplicative matrix for the above-captioned cases. Notwithstanding the foregoing, this order does not modify any notice obligation imposed by law.

7. All notices in any one or more of the above-captioned cases that would be sent to the creditors in either case must be sent to all creditors and parties listed on the Consolidated Creditor Matrix.

8. Each Debtor shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and Lists of Equity Security Holders in its own case.

9. Each Debtor shall file separate Monthly Operating Reports pursuant to Bankruptcy Rule 2015 in the form(s) requested by the Unites States Trustee, unless otherwise instructed by the United States Trustee, in its own case.

10. Proofs of claims or interests filed by creditors of either Debtor shall reflect the style and case number of the Debtor to which the claim or interest relates and shall be filed in the case to which such claim or interest relates. Separate claims registers shall be maintained for each Debtor.

11. Notwithstanding the procedural consolidation of the Chapter 11 Cases under the Lead Case, nothing in this Order shall affect or otherwise impair whatever rights creditors of Isabel LLC may have pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Bankruptcy Rules, in each of the foregoing, with respect to Isabel LLC.

12. Nothing in this Order shall be deemed or construed as directing or otherwise authorizing the substantive consolidation of any of the above-captioned cases.

# # #

Presented by:

STOEL RIVES LLP

_____
Oren B. Haker, OSB No. 130162
oren.haker@stoel.com
760 S.W. Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

*Proposed Attorneys for Debtors
and Debtors-in-Possession*

cc: List of Interested Parties